**SAXTON v. GENERAL MILLS, Inc.**

Civ. No. 25996.

United States District Court
N. D. Ohio, E. D.

Feb. 9, 1949.

Sindell & Sindell, of Cleveland, Ohio, for plaintiff.

McKeehan, Merrick, Arter & Stewart and Sumner Canary, all of Cleveland, Ohio, for defendant.

JONES, Chief Judge.

By special appearance the defendant moves the Court to quash the service of summons on defendant's local manager of the grocery products division of the defendant, contending that the purported service does not conform to the requirements of Rule 4(d) (3), Federal Rules of Civil Procedure, 28 U.S.C.A.

The affidavit of Duane Curtiss in support of the motion states that he supervises approximately twenty-five salesmen in this territory, together with approximately five office employes; that he is manager of the grocery products division of General Mills, Inc., the defendant, with offices in the Hanna Building, Cleveland, Ohio; that no funds of the defendant are deposited in this district under his supervision and that orders taken through the local office which he supervises are final, with some exceptions, and payment for orders is made at other places than this district.

On the basis of Rule 4(d) (3) and 4(d) (7) and the method of service provided by state law, which is the additional method provided by Rule 4(d) (7), it would seem to me that the affiant Curtiss, upon whom summons was served, was to all intents and purposes "a managing agent" of the corporation even though he did not handle money or pay the office expenses here.

The principal business of the company, as I understand it, is the sale and distribution of merchandise throughout this territory,—Ohio and adjoining states. Of this chief function the affiant Curtiss has supervision in this District. The defendant, General Mills, Inc., undoubtedly does an extensive business in this jurisdiction and a corporation engaging so extensively in business within a state and district should be amenable to process through a ranking representative such as Curtiss. In other words, a liberal interpretation is justified where service on foreign corporations doing a continuous and extensive business within the state is brought into question.

Motion to quash denied.